# IN THE TAX COURT OF THE
# STATE OF OREGON

## The SHERWIN-WILLIAMS COMPANY,
### an Ohio corporation

*v.*

## DEPARTMENT OF REVENUE

(TC 4127)

Michael R. Seidl, Seidl & Rizzo, LLP, Portland, represented Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Plaintiff rendered October 9, 1998.

**CARL N. BYERS, Judge.**

Plaintiff appeals from Defendant's denial of refunds and assessments of additional corporate excise taxes for tax years 1987 through 1992. Defendant relied upon its administrative rule defining sales for purposes of apportioning income under the Uniform Division of Income for Tax Purposes Act (UDITPA). ORS 314.605 to ORS 314.675. The rule allows only income, rather than gross receipts, from the sale of intangibles to be included in the sales factor. Plaintiff contends the rule is inconsistent with the statute. The issue has been submitted to the court on Plaintiff's Motion for Summary Judgment and Defendant's response and Cross Motion for Partial Summary Judgment.

## FACTS

The parties have stipulated to the necessary facts. Plaintiff is an Ohio corporation that was licensed to do business in Oregon during the tax years in question. Plaintiff's principal business is manufacturing, distributing, and selling

paint. Plaintiff regularly invested its working capital in a variety of securities. Plaintiff's employees invested all excess cash, considering such factors as cash requirement forecast, cash receipts, and interest rates. The income generated as a result of Plaintiff's investment securities is business income subject to apportionment.

## ISSUE

Is Defendant's administrative rule, OAR 150-314.665(3)(3), inconsistent with the statutes?

## ANALYSIS

Corporations doing business in Oregon are subject to its corporate excise tax. ORS 317.018(3).[1] For corporations that also conduct business in other states, their income must be apportioned under UDITPA.[2] As adopted by Oregon, the law requires use of a three-factor formula to determine the income from sources within Oregon. Those three factors, payroll, property, and sales, are defined by statute. ORS 314.610(7) provides that:

> " 'Sales' means all gross receipts of the taxpayer not allocated under ORS 314.615 to 314.645."

Defendant disallowed the inclusion of gross receipts from Plaintiff's investment securities but did allow the income realized therefrom. In doing so, Defendant relied upon an administrative rule in effect since 1971. Defendant states in its brief:

> "* * * OAR 150-314.665(3)(3)(b) has excluded income from intangible assets from the sales factor and OAR 150-314.665(1)(A) has defined 'sales' * * * to exclude gross receipts or proceeds from intangible assets * * *."

The court has examined both rules and is not persuaded that they provide what Defendant claims. Moreover, if they do

---

[1] All references to the Oregon Revised Statutes are to 1989.

[2] Certain nonbusiness income such as rents, royalties, capital gains and losses, interest and dividend income, and patent and copyright law royalties must be allocated rather than apportioned. However, those provisions are not applicable in this case because the parties have stipulated that the income in question is business income.

provide what Defendant claims, then they are inconsistent with the statutes.

■ ■    As noted above, ORS 314.610(7) defines sales in terms of gross receipts. OAR 150-314.665(1)-(A) provides:

"[T]he term 'sales' means all gross receipts derived by a taxpayer from transactions and activity in the regular course of such trade or business."

The rule continues to expound on what constitutes a sale. While it gives examples of what is included in the rule, it does not contain any provision that would exclude gross receipts from the sale of intangible assets. Furthermore, OAR 150-314.665(3)(1) expressly states:

"*In General.* Subsection (3) of ORS 314.665 provides for the inclusion in the numerator of the sales factor of gross receipts from transactions other than sales of tangible personal property * * *."

The rule goes on to provide in OAR 150-314.665(3)(3)(a):

"Where the income producing activity in respect to business income from intangible personal property can be readily identified, such income is included in the denominator of the sales factor and, if the income producing activity occurs in this state, in the numerator of the sales factor as well. For example, usually the income producing activity can be readily identified in respect to interest income received on deferred payments on sales of tangible property (OAR 150-314.665(1)-(A)) and income from the sale, licensing or other use of intangible personal property (OAR 150-314.665(3))."

■    Inasmuch as the gross receipts in question clearly are not allocable under ORS 314.615 through ORS 314.645, they fall within the definition of sales as provided by ORS 314.610(7). Although not specified, it is reasonable to assume that Plaintiff's income from its investment securities is derived in the form of capital gains, interest, and dividends. If such income was nonbusiness income, then it would be allocated under ORS 314.615 through ORS 314.645. However, the parties have stipulated that it is business income.

" 'Business income' means income arising from transactions and activity in the regular course of the taxpayer's trade or business and includes *income from tangible and*

*intangible property* if the acquisition, the management, use or rental, and the disposition of the property constitute integral parts of the taxpayer's regular trade or business operations." ORS 314.610(1). (Emphasis added.)

■ Defendant's rules appear to distinguish between income derived from intangible personal property that is "merely" held and income from intangible personal property that is used in some activity by Plaintiff.[3] Defendant appears to assume that Plaintiff's investment securities are intangible personal property that is merely held by Plaintiff.

OAR 150-314.665(3)(2) provides:

"The term 'income producing activity' applies to each separate item of income and means the transactions and activity directly engaged in by the taxpayer in the regular course of its trade or business for the ultimate purpose of obtaining gains or profit."

■ Neither the statute nor the administrative rule is limited to just sales of goods or products. Based on the stipulated facts, Plaintiff did not merely hold its investment securities but actively engaged in transactions for the ultimate purpose of obtaining gains or profit.

■ Defendant argues that if gross receipts are included in the sales factor, it will result in a misrepresentation or distortion of Plaintiff's true business activities. While this may be true, if a statute results in distortion, then the legislature must correct the problem, not Defendant.[4] Defendant may depart from the statutory formula to overcome distortion, but it may never depart from the statutory definitions.

■ The court concludes that Defendant erred in including only income rather than gross receipts from Plaintiff's investment securities in the sales factor. Nothing in the record supports a deviation from the statutory formula. Therefore, Plaintiff's Motion for Summary Judgment must be granted with regard to this claim. Now, therefore,

---

[3] The court questions whether the department is attempting to distinguish business income from nonbusiness income.

[4] As the parties have pointed out, the 1995 Legislature in fact addressed the problem by expressly amending ORS 314.665(6)(a) to exclude gross receipts from the sales factor.

IT IS ORDERED that Plaintiff's Motion for Summary Judgment with regard to including gross receipts from its investment securities transactions in the sales factor is granted.

IT IS FURTHER ORDERED that Defendant's Cross Motion for Partial Summary Judgment is denied. Costs to neither party.