Argued and submitted January 6, judgment of Tax Court affirmed
January 27, 2000

# The SHERWIN-WILLIAMS COMPANY,
an Ohio corporation,
*Respondent,*

*v.*

# DEPARTMENT OF REVENUE,
*Appellant.*
(OTC 4127; SC S46023)
996 P2d 500

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs was Hardy Myers, Attorney General.

Joseph F. Timmons, Cleveland, Ohio, argued the cause for respondent. Michael R. Seidl, of Seidl & Rizzo, Portland, filed the brief for respondent.

Paull Mines, Washington D.C., filed a brief on behalf of *amicus curiae* Multistate Tax Commission.

PER CURIAM

## PER CURIAM

This case is before the court on appeal from the Oregon Tax Court. Taxpayer, a manufacturer of paint and related products, operates in Oregon and several other states. Taxpayer manages its working capital, in part, by buying and selling securities. Its purchase and sale of working capital investment securities is carried out in Ohio, and the parties stipulate that that method of working capital management generates "business income."

■■ The business income of corporations that operate in multiple states is apportioned between those states for tax purposes under the Uniform Division of Income for Tax Purposes Act (UDITPA). ORS 314.605 to ORS 314.675. As adopted by Oregon, UDITPA requires apportionment using a formula that is designed to reflect the relative levels of business activity in each state. The apportionment formula compares sales, property, and payroll activities within Oregon to the total sales, property, and payroll activities of the company in all locations. The calculation of the total sales of the company in all locations is at issue in this case.

During 1987 through 1992, the tax years in question, taxpayer included its gross receipts from the sales of its working capital investment securities, both the return of capital and the income earned in its calculation of its total sales. In 1994, the Department of Revenue (department) audited taxpayer's returns. Relying on *former* OAR 150-314-665(3), the department allowed the income earned from those sales to be included in the calculation of total sales, but excluded the return of capital. As a result, the department assessed additional corporate excise taxes.

The department prevailed in taxpayer's administrative challenge to the calculation of its tax liability. Taxpayer appealed to the Tax Court, and both parties moved for summary judgment. The Tax Court granted taxpayer's motion, holding that the term "sales," as defined by ORS 314.610(7), requires that all gross receipts from sales of working capital investment securities be included in the calculation of total sales of the company. *Sherwin-Williams Co. v. Dept. of Rev.*, 14 OTR 384 (1998).

■ At issue is whether the term "sales," as used in the Oregon UDITPA apportionment formula during tax years 1987-92, included all gross receipts from sales of taxpayer's working capital investment securities and whether *former* OAR 150-314-665(3) required exclusion of such gross receipts from the calculation of total sales.[1]

This court has considered the arguments of the department and taxpayer's responses. The court agrees with taxpayer. ORS 314.610(7) defines "sales" as "all gross receipts of the taxpayer * * *." Taxpayer's receipts from the sale of securities met that definition.

*Former* OAR 150-314-665(3) provides no relevant exclusions. Therefore, the Tax Court did not err in entering judgment for taxpayer. A further explication of the reasons for our decision would not benefit the public or the bar.

The judgment of the Tax Court is affirmed.

---

[1] In 1995, the legislature adopted ORS 314.665(6), which provides that gross receipts arising from the sale, exchange, redemption, or holding of intangible assets shall not be treated as "sales" for purposes of calculating the sales factor of the apportionment formula unless the receipts were derived from the taxpayer's primary business activity.